605 P.2d 1152

In the Matter of MISSOURI PACIFIC RAILROAD COMPANY and its Attorney, Eric D. Lanphere, seeking permission to close the Hobbs, New Mexico Agency Station.

MISSOURI PACIFIC RAILROAD COMPANY and Eric D. Lanphere, Appellants,

v.

STATE CORPORATION COMMISSION, Appellee.

No. 12715.

Supreme Court of New Mexico.

Jan. 25, 1980.

Johnson & Lanphere, Eric D. Lanphere, Albuquerque, for appellants.

Jeff Bingaman, Atty. Gen., W. W. Royer, Patrick T. Ortiz, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

FEDERICI, Justice.

This action arises out of an application by the Missouri Pacific Railroad Company (Missouri Pacific) to the State Corporation Commission (Commission), seeking permission to discontinue the use of a mobile agent at Hobbs, New Mexico. Appellant Missouri Pacific has removed this cause to this Court pursuant to N.M.Const., Art. XI, § 7.

The relevant portion of the foregoing constitutional provision states that:

> In addition to the other powers vested in the supreme court by this constitution and the laws of the state, the said court shall have the power and it shall be its duty to decide such cases *on their merits* . . . . (Emphasis added.)

Given this constitutional mandate, our review is not one of the substantiality of the evidence presented to the commission, but rather, involves a weighing of such evidence and arriving at a result in accordance with a preponderance thereof.

Prior to the present application, Missouri Pacific installed a systemwide computer system at an approximate cost of $51,000,-000 with 38 field offices, known as Customer Service Centers. The service center for the Hobbs, Lovington, Jal and Eunice area is located in Odessa, Texas, approximately 2 hours by car from Hobbs, and may be reached by any customer by dialing a toll-free telephone number 24 hours a day, seven days a week. This system had been in effect for some fifteen months prior to the filing of Missouri Pacific's petition. Five letters of support for the telephone system from firms whose businesses represent 98% of the traffic in the Hobbs area were entered into the record as exhibits.

In sum, Missouri Pacific's installation of a computer network has enabled it to offer a superior 24-hour a day, seven-day a week service, as opposed to the previous 8-hour a day, five-day a week service to its customers. As a consequence, the local agent's job has become a nullity. The function is a mere redundancy of all duties handled by the Odessa Customer Service Center.

Appellee urges that the factors to be considered in an agency station closing are: (1) the volume and nature of the business

transacted at the station; (2) the proximity and accessability of other stations; (3) the ratio of cost of maintaining the station agency, including both out-of-pocket and overall expense, to revenues received; (4) the inconvenience to the public resulting from removal of the agent; and (5) the nature of the service remaining or to be substituted. *Railroad Commission v. Chesapeake and Ohio Ry. Co.*, 490 S.W.2d 763, 765 (Ky.Ct.App.1973). This Court applied standards similar to these in *Seward v. D. & R. G.*, 17 N.M. 557, 131 P. 980 (1913). In so doing, the Court stated that it would not confine itself to a formula and would consider all of the circumstances, including the interests of the carrier. The rationale behind the decision in *Seward* was that the maintenance of station agents is only an incident to the railroad's absolute duty to transport freight and customers; and "when the duty is only an incident to the main duty then the question of expense [to the carrier] becomes of more importance . . . ." *Id.* at 592, 131 P. at 992. The Court in *Seward* went on to state:

> The Constitution does not confer upon the corporation commission the right to arbitrarily establish a station or to require a station agent regardless of the expense entailed upon the company, or the benefit to be derived by the public. It is only authorized to make such an order in this regard, as "the public interests demand, and as may be reasonable and just." It is not to consider alone the interests of the public affected by the order, but must determine whether or not, taking into consideration both the interests of the public and the expense entailed upon the railroad company, the order is just and reasonable.

17 N.M. at 594, 131 P. at 993.

The principles set out in *Seward* have been controlling in all subsequent decisions dealing with the removal of local station agents. *See Southern Pacific Co. v. State Corporation Com'n.*, 76 N.M. 257, 414 P.2d 489 (1966); *Petition of Town of Grenville*, 46 N.M. 3, 119 P.2d 632 (1941); *Denton Bros. et al. v. A. T. & S. F. Ry. Co. et al.*, 34 N.M. 53, 277 P. 34 (1929).

As such, we feel the most salient consideration in a case such as this, which involves the removal of a mobile agent, should be a balancing of the inconvenience to the shipper and benefit to the public in maintaining the agent, compared to the potential economic waste to the railroad of having to maintain an agent. *Southern Pacific, supra.*

The evidence contained in the record convinces us that the service provided by the Customer Service Center at Odessa is equal, if not superior, to the service provided by the mobile agent at Hobbs. We find no corresponding benefit to the public by maintaining the mobile agent. Absent a showing of corresponding public benefit to require appellant to maintain a mobile agent in the Hobbs area at an approximate cost of $25,000 to $26,000 per year would result in economic waste.

The decision of the Commission is hereby set aside. The application by Missouri Pacific for permission to discontinue the use of a mobile agent at Hobbs, New Mexico is granted.

IT IS SO ORDERED.

PAYNE and FELTER, JJ., concur.